UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY J. O'NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19CV95 NAB |
| | ) | |
| BLAKE HOSKINS, | ) | |
| | ) | |
| Defendant, | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Jeffrey J. O'Neal for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 4). Having reviewed the motion and the financial information submitted in support, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Clerk of Court will be directed to issue process on defendant Hoskins in his individual capacity as to plaintiff's claim of First Amendment retaliation. However, plaintiff's other claims will be dismissed without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-

specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a pro se litigant who brings this action pursuant to 42 U.S.C. § 1983. (Docket No. 1 at 2). At the time this was filed, he was incarcerated at the Southeast Correctional Center

(SECC) in Charleston, Missouri. He names Correctional Officer Blake Hoskins as defendant.[1] (Docket No. 1 at 3). Officer Hoskins is sued in his individual capacity only.

While confined in SECC, plaintiff states that a Correctional Emergency Response Team entered his cell unannounced "on a search and destroy mission." During this incident, plaintiff asserts that Officer Hoskins "made some out of the norm conversation" with him. The comments made by Officer Hoskins were loud enough for "all the inmates…[to] clearly hear him." Apparently, though the allegations are not entirely clear, Officer Hoskins's comments referred to plaintiff as a child molester. According to plaintiff, this "placed a death warrant" on him, making it unsafe for him to be anywhere in the Missouri Department of Corrections.

Plaintiff states that he had a "PREA placed on" Officer Hoskins. (Docket No. 1 at 4). Nevertheless, Officer Hoskins was "[allowed] close to [him] as [though] nothing has ever happened." Plaintiff alleges that Officer Hoskins has threatened him and told him that he needs to watch his mouth.

Plaintiff claims that Officer Hoskins's superiors have forced plaintiff to take a cellmate. He further claims that he has had four cellmates, all of whom have "hounded [him] for sexual favors." In order to avoid this, plaintiff went to a suicide cell on May 30, 2019.

On June 4, 2019, plaintiff got out of suicide cell, escorted by Officer Hoskins. Plaintiff alleges that Officer Hoskins removed his new glasses from his face and refused to return them. He states that he has asked for their return over 150 times. He further states that without his glasses, he has difficulty working on his legal cases; that his medical needs are not being met; and that his right to free exercise of religion has been violated. (Docket No. 1 at 5). Plaintiff

---

[1] When plaintiff initially filed suit, he did not know defendant Hoskins's first name. He has since acquired this information, and has filed a motion to correct the name listed in his complaint. (Docket No. 8). As discussed below, the Court will grant this motion and direct the Clerk of Court to update the case caption to reflect that defendant's full name is Blake Hoskins.

alleges that Officer Hoskins took his eyeglasses in retaliation "for the PREA" that plaintiff placed on him.

Plaintiff alleges that Officer Hoskins deprived him of various constitutional rights, including: the First Amendment rights to free exercise of religion and free speech; the Fourth Amendment's protection against unlawful seizures; the Eighth Amendment's prohibition against cruel and unusual punishment; and the Fourteenth Amendment's Due Process Clause. (Docket No. 1 at 6-7).

Plaintiff seeks damages in the amount of $50,000. (Docket No. 1 at 8).

## Discussion

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983, alleging that Officer Hoskins violated his constitutional rights by taking away his eyeglasses, allegedly in retaliation for a complaint that plaintiff made against him. His complaint contains a number of legal claims asserting violations of various constitutional rights. Restated, plaintiff alleges that Officer Hoskins is liable for retaliation under the First Amendment; deliberate indifference to his medical needs; impeding his access to the courts; making verbal comments that put him in danger; impeding his ability to practice his religion; and deprivation of property. For the reasons discussed below, the Clerk of Court will be directed to issue process on defendant Hoskins in his individual capacity on plaintiff's claim of First Amendment retaliation. However, plaintiff's other claims will be dismissed without prejudice.

**A. First Amendment Retaliation**

Plaintiff alleges that Officer Hoskins took his eyeglasses "due to a personal vendetta for [plaintiff] filing a PREA report" against Hoskins. This claim is sufficient for purposes of 28 U.S.C. § 1915 review.

4

A First Amendment retaliation claim must include allegations that plaintiff engaged in protected activity and that defendant, to retaliate for the protected activity, took adverse action against plaintiff that would chill a person of ordinary firmness from engaging in that activity. *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004). The right to be free from retaliation for availing oneself of the grievance process is clearly established in the Eighth Circuit. *Santiago v. Blair*, 707 F.3d 984, 991 (8th Cir. 2013). *See also Nelson v. Shuffman*, 603 F.3d 439, 450 (8th Cir. 2010) (stating "that actions taken in retaliation for an inmate's filing of a grievance are actionable under 42 U.S.C. § 1983"). Moreover, the threat of retaliation is sufficient injury to support a First Amendment Claim if the threat was made in retaliation for an inmate's use of grievance procedures. *Burgess v. Moore*, 39 F.3d 216, 218 (8th Cir. 1994).

Here, plaintiff asserts that he made a PREA report on Officer Hoskins based on sexually inappropriate comments purportedly spoken by Officer Hoskins. Plaintiff alleges that Officer Hoskins was aware of the report, and that in response, Hoskins told plaintiff to "watch [his] mouth" and threatened him. Officer Hoskins also took plaintiff's eyeglasses and refused to return them. The Court must accept these allegations as true and make all reasonable inferences in favor of plaintiff. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). As such, the Clerk of Court will be directed to issue process on defendant Hoskins in his individual capacity as to plaintiff's claim of First Amendment retaliation.

**B. Deliberate Indifference to Medical Needs**

Plaintiff alleges that Officer Hoskins's taking of his eyeglasses constitutes deliberate indifference to his serious medical needs. Under the Eighth Amendment, the government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the

inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997). In order to establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997).

Here, plaintiff alleges that his eyeglasses have been taken from him and not returned, despite his repeated requests. Plaintiff, however, has not demonstrated that this constitutes deliberate indifference to a serious medical need. For instance, he presents no facts stating that without his glasses he suffered headaches or eye pain. Moreover, courts in this district and others have concluded as a matter of law that the denial of eyeglasses is insufficient to establish an objectively serious medical need. *See Wagner v. City of Saint Louis Dep't of Pub. Safety*, 2014 WL 3529678, at *8 (E.D. Mo. 2014) (collecting cases). As such, plaintiff's Eighth Amendment claim of deliberate indifference must be dismissed for failure to state a claim.

### C. Access to Courts

Plaintiff also alleges that Officer Hoskins's taking of his eyeglasses impeded his access to the courts. The United States Supreme Court has stated that it is "established beyond doubt that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This right requires that prisons provide "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

6

Typically, access to courts claims result from deficiencies in a prison's legal assistance program or law library that hinders an inmate's ability to bring a claim. *Williams v. Hobbs*, 658 F.3d 842, 852 (8th Cir. 2011). However, "the due process clause is not meant to enable the prisoner to discover grievances, and to litigate effectively once in court." *Id*. "To prove a violation of the right of meaningful access to the courts, a prisoner must establish [that] the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008). In order to prove actual injury, the plaintiff must demonstrate that a nonfrivolous legal claim has been frustrated or is being impeded. *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007). For example, an inmate must show that a complaint that he prepared was dismissed due to a technical requirement that a law library's inadequacies prevented him from knowing, or that a library was so inadequate that it prevented him from filing a complaint for actionable harm at all. *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996).

Here, plaintiff states that without his glasses he can "hardly see," making it difficult to read case law and legal mail pertaining to the four cases he has in court. He has also supplemented the complaint with a motion for voluntary dismissal and an order of dismissal from a federal lawsuit plaintiff filed in the Western District of Missouri. (Docket No. 5). In the motion to voluntarily dismiss his case, plaintiff notes that his eyeglasses have been taken from him. He also states, however, that he is being released soon, and that he intended to meet with an attorney and gather more evidence.

These allegations do not show that plaintiff has been frustrated or impeded in pursuing a nonfrivolous legal claim. Indeed, in the instant case, plaintiff has been able to file a complaint,

7

supplements, and motions without any apparent hindrance. Furthermore, plaintiff's Western District case was dismissed voluntarily, at his behest, and for reasons that went beyond his lack of eyeglasses. In short, plaintiff's facts fail to allege that he has been kept from bringing a claim in court. Therefore, plaintiff's access to courts claim must be dismissed for failure to state a claim.

    **D.  Failure to Protect**

Plaintiff states that when removing him from his cell, Officer Hoskins made loud comments about him that were overheard by other inmates and which placed a "death warrant" on him. The Court has construed this as a failure to protect claim.

Being subjected to assault is not part of the penalty that criminal offenders must pay for their offenses. *Young v. Selk*, 508 F.3d 868, 871 (8th Cir. 2007). As such, prison inmates have a clearly established Eighth Amendment right to be protected from violence by other inmates. *Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000). Prison officials must take reasonable measures to guarantee inmate safety and to protect prisoners from violence at the hands of other prisoners. *Berry v. Sherman*, 365 F.3d 631, 633-34 (8th Cir. 2004). A prison official violates the Eighth Amendment only when he or she exhibits "a deliberate or callous indifference to an inmate's safety." *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018).

Here, plaintiff asserts that Officer Hoskins made loud comments about him in a hallway, where other inmates could overhear. Plaintiff is vague as to the contents of these comments, but they apparently implied that plaintiff was a child molester, which allegedly placed him in danger.

These allegations are insufficient to establish that Officer Hoskins was deliberately or callously indifferent to his safety. While plaintiff states that he was subjected to verbal sexual propositions, there is no indication that plaintiff was placed in danger or actually harmed by

8

Officer Hoskins's comments. Indeed, there are no facts to support the contention that the inmates who propositioned him even heard the comments in the first place. Moreover, plaintiff provides no factual support for his conclusion that Officer Hoskins made the comments with the intent of placing him in danger. Therefore, to the extent that plaintiff has attempted to allege a failure to protect claim, such claim must be dismissed.

### E. Exercise of Religion

Plaintiff states that Officer Hoskins's taking of his eyeglasses violated his right to practice his religion. The First Amendment to the United States Constitution provides, in relevant part, that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof…" U.S. Const. amend. I. Pursuant to the Free Exercise Clause, an individual has the right to believe and profess whatever religious doctrine he or she desires. *In re Kemp*, 894 F.3d 900, 907 (8th Cir. 2018). Moreover, the government may not compel religious belief, punish the expression of religious doctrines, impose special disabilities based on religious views or religious status, or lend its power to a particular side in controversies over religious authority or dogma. *Id*.

To state a claim under the Free Exercise Clause, an inmate-plaintiff must first raise a question of fact regarding whether the prison has placed a substantial burden on his ability to practice his or her religion. *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008). *See also Weir v. Nix*, 114 F.3d 817, 820 (8th Cir. 1997) (stating that "[a]s an initial matter, a person claiming that a governmental policy or action violates his right to exercise his religion freely must establish that the action substantially burdens his sincerely held religious belief"). "To constitute a substantial burden, the government policy or actions must significantly inhibit or constrain conduct or expression that manifests some central tenet of a person's individual

9

religious beliefs; must meaningfully curtail a person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion." *Murphy v. Missouri Dep't of Corrs.*, 372 F.3d 979, 988 (8th Cir. 2004).

Here, plaintiff alleges that his right to exercise his religion was violated because he could not read his Bible without his glasses. This is insufficient to demonstrate that a substantial burden has been placed on his ability to practice his religion. Plaintiff does not provide facts stating what religion he practices; the central tenet of his religious beliefs; how his inability to read the Bible curtails his ability to practice his faith; or how fundamental Bible-reading is to his religion. Therefore, plaintiff's Free Exercise claim under the First Amendment must be dismissed for failure to state a claim.

F.  **Deprivation of Property Claim**

Plaintiff alleges that his glasses were illegally seized, and that Officer Hoskins is liable for theft of plaintiff's personal property. The Court has construed these allegations as a claim for deprivation of property.

"When a state employee's unauthorized, random acts deprive a person of property, the state employee's acts do not violate the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Clark v. Kansas City Missouri Sch. Dist.*, 375 F.3d 698, 702 (8th Cir. 2004). Missouri provides such an adequate postdeprivation remedy. *See Orebaugh v. Caspari*, 910 F.2d 526, 527 (8th Cir. 1990). Specifically, an individual claiming the right to possession of personal property may bring an action in replevin. Mo. R. Civ. P. 99.01. *See also Allen v. City of Kinloch*, 763 F.2d 335, 337 (8th Cir. 1985) (stating that plaintiff seeking return of personal property under 42 U.S.C. § 1983

failed to establish any violation of his constitutional rights because he could obtain adequate relief by filing a replevin action under Missouri law).

Here, plaintiff alleges that Officer Hoskins took away his eyeglasses and failed to return them. As noted above, however, such a deprivation of personal property in prison does not amount to a constitutional violation if a meaningful postdeprivation remedy is available. In Missouri, such a remedy is available by filing an action in replevin. Therefore, plaintiff's deprivation of property claim must be dismissed for failure to state a claim.

### G. Motion to Amend/Correct Defendant's Name

Plaintiff has filed a document that the Court has construed as a motion to amend/correct defendant Hoskins's name. (Docket No. 8). In his complaint, plaintiff identified Officer Hoskins as "Mr. Hoskins." He has subsequently learned that Officer Hoskins's full name is Blake Hoskins. The Court will therefore grant plaintiff's motion and direct the Clerk of Court to update the case caption to identify defendant as Blake Hoskins.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend/correct defendant's name (Docket No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall update the case caption to identify defendant as Blake Hoskins.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on defendant Blake Hoskins in his individual capacity as to plaintiff's claim of

First Amendment retaliation. Defendant shall be served in accordance with the waiver agreement this Court maintains with the Missouri Attorney General's Office.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendant Blake Hoskins in his individual capacity for deliberate indifference to medical needs, access to courts, failure to protect, free exercise of religion, and deprivation of property are **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this partial dismissal would not be taken in good faith.

Dated this 2nd day of October, 2019.

                              HENRY EDWARD AUTREY
                              UNITED STATES DISTRICT JUDGE