**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY J. O'NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00095-NAB |
| | ) | |
| BLAKE HOSKINS, | ) | |
| | ) | |
| Defendant, | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Blake Hoskins's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Docket No. 17). Having reviewed the motion, and for the reasons discussed below, the motion will be denied.

**Background**

Plaintiff is a self-represented litigant. At the time relevant to this complaint, he was an inmate at the Southeast Correctional Center (SECC) in Charleston, Missouri. On June 13, 2019, plaintiff filed a civil action pursuant to 42 U.S.C. § 1983, naming Correctional Officer Blake Hoskins as the sole defendant. (Docket No. 1). Officer Hoskins was sued in his individual capacity only.

In his complaint, plaintiff accused Officer Hoskins of depriving him of various constitutional rights. Specifically, plaintiff alleged that Officer Hoskins had violated his First Amendment rights to free exercise of religion and free speech; the Fourth Amendment right to be free from unlawful seizures; the Eighth Amendment right to be free from cruel and unusual punishment; and the Fourteenth Amendment right to due process. (Docket No. 1 at 6-7).

As plaintiff had moved to proceed in forma pauperis, the Court reviewed his complaint pursuant to 28 U.S.C. § 1915. (Docket No. 9). Ultimately, the Court dismissed plaintiff's claims of deliberate indifference to medical needs, access to courts, failure to protect, free exercise of religion, and deprivation of property. However, the Court determined that plaintiff's First Amendment retaliation claim was sufficient for purposes of initial review. Therefore, on October 2, 2019, the Court ordered the Clerk of Court to serve Officer Hoskins in accordance with the waiver agreement the Court maintains with the Missouri Attorney General's Office.

On January 10, 2020, Officer Hoskins filed the instant motion to dismiss, along with a memorandum in support of the motion. (Docket No. 17). Plaintiff submitted a response on February 12, 2020. (Docket No. 20). Subsequently, plaintiff also filed a second motion for leave to proceed in forma pauperis. (Docket No. 21).

## Motion to Dismiss

Officer Hoskins's motion to dismiss argues that plaintiff's First Amendment retaliation claim fails because plaintiff has not demonstrated that Hoskins knew that plaintiff had engaged in a protected activity. Furthermore, Officer Hoskins asserts that plaintiff has not shown that an adverse action was taken against him that is sufficient to chill a person of ordinary firmness. If the Court does not grant his motion to dismiss, Officer Hoskins requests that the Court require plaintiff to make a more definite statement.

## Standard of Review

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may assert as a defense the plaintiff's "failure to state a claim upon which relief can be granted." To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility requirement is satisfied when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *In re SuperValu, Inc.*, 925 F.3d 955, 962 (8th Cir. 2019).

The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). However, "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Twombly*, 550 U.S. at 583 (quoted case omitted).

When evaluating whether a self-represented plaintiff has asserted sufficient facts to state a claim, a pro se complaint, however inartfully pleaded, is held to less stringent standards than formal pleadings drafted by lawyers. *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). "If the essence of an allegation is discernible...then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quotations and citation omitted).

**Discussion**

Officer Hoskins has moved to dismiss plaintiff's First Amendment retaliation claim against him pursuant to Fed. R. Civ. P. 12(b)(6). As a general matter, the First Amendment prohibits government officials from retaliating against an individual for speaking out. *See Hartman v. Moore*, 547 U.S. 250, 256 (2006). In order to establish a First Amendment retaliation claim, a plaintiff must show three things: first, that he engaged in a protected activity; second, that a

3

government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity; and finally, that the adverse action was at least partly motivated by the exercise of the protected activity. *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004). The right to be free from retaliation for availing oneself of the grievance process is clearly established in the Eighth Circuit. *Santiago v. Blair*, 707 F.3d 984, 991 (8th Cir. 2013). *See also Nelson v. Shuffman*, 603 F.3d 439, 450 (8th Cir. 2010) (stating "that actions taken in retaliation for an inmate's filing of a grievance are actionable under 42 U.S.C. § 1983"). Moreover, the threat of retaliation is sufficient injury to support a First Amendment Claim if the threat was made in retaliation for an inmate's use of grievance procedures. *Burgess v. Moore*, 39 F.3d 216, 218 (8th Cir. 1994).

Here, plaintiff alleges that while incarcerated at SECC, plaintiff filed a Prison Rape Elimination Act (PREA) complaint against Officer Hoskins. Such a complaint is protected activity. Following this, plaintiff states that Officer Hoskins threatened him and advised him to watch his mouth, the implication being that Hoskins was aware that plaintiff had made a complaint. Furthermore, plaintiff states that Officer Hoskins took his eyeglasses for no reason, making it difficult to do certain daily tasks. Plaintiff alleges that the threats and the taking of his eyeglasses were adverse actions that would chill a person of ordinary firmness. Based on plaintiff's statement that Officer Hoskins told him to watch his mouth, plaintiff has also alleged that Officer Hoskins threatened him and took his glasses because of the PREA complaint he filed.

In short, plaintiff has presented facts showing that he engaged in a protected activity, that Officer Hoskins took adverse action against him that would chill a person of ordinary firmness, and that this action was taken in retaliation for plaintiff's engagement in the protected activity. The Court must accept these allegations as true, as well as make all reasonable inferences in plaintiff's

favor. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). *See also Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) (explaining that a "claim has sufficient facial plausibility to survive [a motion to dismiss] where the plaintiff has pled enough facts to allow the Court to reasonably infer that the defendant is liable for the alleged misconduct"). Moreover, because plaintiff is a pro se litigant, his complaint must be liberally construed, and held to less stringent standards than the formal pleadings drafted by lawyers. *See Jackson*, 747 F.3d at 541; and *Solomon*, 795 F.3d at 787.

With regard to Officer Hoskins's requests that plaintiff be ordered to make a more definite statement, the Court notes that his motion to dismiss, and the supporting memorandum, demonstrate his ability to articulate plaintiff's claim enough to either admit or deny that claim in an answer.

For the reasons discussed above, the Court will deny Officer Hoskins's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). As such, Officer Hoskins will be required to file an answer within fourteen days of the date of this order.

### Plaintiff's Second Motion to for Leave to Proceed in Forma Pauperis

Plaintiff has filed a second motion for leave to proceed in forma pauperis. (Docket No. 21). The Court previously granted plaintiff in forma pauperis status on October 2, 2019. Therefore, the Court will deny plaintiff's second motion as moot.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Blake Hoskins's motion to dismiss (Docket No. 17) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant shall file an answer within **fourteen (14) days** of the date of this order.

5

**IT IS FURTHER ORDERED** that plaintiff's second motion for leave to proceed in forma pauperis (Docket No. 21) is **DENIED AS MOOT**.

                                                                          NANNETTE A. BAKER
                                                                         UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of June, 2020.