**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| JEFFREY J. O'NEAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-00095-NAB |
| | ) |
| BLAKE HOSKINS, | ) |
| | ) |
| Defendant, | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Blake Hoskins's motion for protective order and motion to modify the Case Management Order. (Docs. 29, 31.) As more fully explained below, the Court will deny the motions without prejudice because it appears that Defendant has not served copies of the motions on the pro se Plaintiff. *See* Fed. R. Civ. P. 5.

### I.   Background

Plaintiff is a self-represented litigant. At the time relevant to his Complaint, he was an inmate at Southeast Correctional Center ("SECC") in Charleston, Missouri. Plaintiff's Complaint asserts a First Amendment retaliation claim under 42 U.S.C. § 1983 against Correctional Officer Blake Hoskins in his individual capacity. Plaintiff alleges that he filed a Prison Rape Elimination Act complaint against Defendant, and Defendant then threatened Plaintiff and took his eyeglasses for no reason, making it difficult to do certain daily tasks. (*See* Doc. 1; Doc. 24 (summarizing Plaintiff's Complaint)).

On or shortly before November 21, 2019, Plaintiff filed a Notice of Change of Address stating that Plaintiff was released from the Department of Corrections, and Plaintiff has "no legal supplies." (Doc. 13.) On or shortly before April 16, 2020, Plaintiff filed a new Notice of Change

of Address, alerting the Court and Defendant that he has a new address. (Doc. 22.) The mailing address contained in Docket No. 22 is the address of record for Plaintiff.

## II. Defendant Must Properly Serve Pleadings and Discovery on Plaintiff

Defendant filed his motion for protective order and motion to amend/correct case management order after Plaintiff's Notice of Change of Address. Defendant's motions each have a certificate of service indicating the document was mailed to Southeast Correctional Center, not to Plaintiff's current address of record. (Docs. 29, 31.) Defendant's motion to amend/correct case management order indicates Plaintiff has not responded to Defendant's discovery requests. The Court suspects Defendant's interrogatories, requests for production, and any other correspondence from Defendant's counsel may have been sent to an incorrect address, such that Plaintiff has not received them. Accordingly, the Court instructs defense counsel to review his records and ensure that each of Defendant's prior Court filings, discovery disclosures, discovery requests, and any other correspondence Defendant has directed to Plaintiff regarding this case are served on Plaintiff at the correct address pursuant to Federal Rule of Civil Procedure 5. Should any correspondence or request have an expired response deadline due to service errors, Defendant shall clearly indicate on the documents the updated service date(s). Defendant shall promptly file a certificate of service reflecting the correction of any service errors.

Because it is unclear whether Defendant's motions were ever served on Plaintiff in accordance with the Federal Rules, the Court will deny the motions without prejudice. The Court will entertain renewed motions after Defendant has met and conferred with Plaintiff. In anticipation of renewed motions, the Court will also briefly address the merits of each motion below.

### III.     Motion to Modify Case Management Order

Defendant filed a motion seeking extensions of the Case Management Order deadlines on February 1, 2021. (Doc. 31.) In support thereof, Defendant states Plaintiff has not served interrogatories or requests for production on Defendant. Defendant states he served interrogatories and requests for production on Plaintiff as of January 7, 2021, but has not received responses. Defendant also states relevant documents identified in Defendant's Federal Rule 26 initial disclosures are in the custody and control of the Missouri Department of Corrections ("MDOC"), a non-party to this case. Defendant has requested records from non-party MDOC, but due to various factors, more time is needed to allow for record collection.

As is discussed above, the Court is unconvinced that Defendant has properly served discovery requests on Plaintiff. The Court will await Defendant's certificate of service on this issue. If Defendant discovers that his interrogatories and requests for production were not properly served on Plaintiff, Defendant shall properly serve his requests and make clear the amended service date. In accordance with the Federal Rules governing discovery, Plaintiff must serve its answers and objections to Defendants interrogatories and requests for production within 30 days after proper service. Federal Rules of Civil Procedure 33(b), 34(b).

The Court agrees that the parties need additional time to complete discovery. The Case Management Order's current discovery completion deadline of February 1, 2021 has already passed. (Doc. 26) In light of the service issue, the deadlines proposed in Defendant's motion may not allow for sufficient time to conduct discovery. After receipt of Defendant's certificate of service addressing the service issue, the Court will entertain a renewed motion to amend the Case Management Order. The parties are encouraged to meet and confer regarding new case management dates.

### IV.     Motion for Protective Order

Defendant filed a motion for protective order on December 17, 2020. (Doc. 29.) The motion seeks a protective order because disclosures and discovery in this case will involve production of Confidential Information and materials. Defendant seeks to protect the safety and security of the staff and institutions of the Missouri Department of Corrections ("MDOC") by "prevent[ing] the dissemination of personal, confidential, or closed materials to a pro se inmate."

Defendant attaches a proposed Protective Order to the motion. (Doc. 29-1.) The proposed order utilizes two tiers of confidentiality: there is a designation for "Confidential" materials (Doc. 29-1, ¶ 6), and a separate designation for "Attorneys' Eyes Only" materials (¶ 2). Materials with the "Attorneys' Eyes Only" designation are to be "made available for an inmate plaintiff to review within the prison where inmate plaintiff is incarcerated." This designation is not applicable to this case because Plaintiff is not an inmate. Thus, the proposed order does not provide a sufficient procedure for the pro se, non-inmate Plaintiff to view "Attorneys' Eyes Only" materials.[1] More importantly, because Plaintiff is no longer incarcerated, Defendant's stated purpose for the Attorneys' Eyes Only provision no longer applies, and Defendant has not met its burden to show an "Attorneys Eyes Only" designation is appropriate.

Additionally, even if Plaintiff was still incarcerated, the distinction between the two tiers of confidentiality is not clear based on the language of Defendant's proposed order. Below are excerpts from the proposed Protective Order purportedly defining two separate tiers of confidential materials, Attorney Eyes Only and Confidential designation:

---

[1] Defendant's requested protective order would likely hamper or inhibit the ability of Plaintiff to present his case. *See, e.g., Skillington v. Activant Sols., Inc.,* No. 4:09-cv-673-MLM, 2009 WL 3852804, at *6 (E.D. Mo. Nov. 17, 2009) (rejecting an "attorney's eyes only" protective order in a breach of contract case and ordering information be produced "for attorneys' *and Plaintiff's* eyes only") (emphasis in original).

4

      2. If the parties agree[2] that certain closed or confidential records will be produced or the court orders such closed or confidential records be produced, copies of such documents will be designated **ATTORNEY EYES ONLY** and made available for an inmate plaintiff to review within the prison where inmate plaintiff is incarcerated at an appropriate time and place. Additionally, to the extent any relevant videos or photographs from inside the prison exist and are located, arrangements for inmate plaintiff to view the videos or photographs at an appropriate time and place (inside the prison should plaintiff remain incarcerated) will be made, and the original videos or copies thereof will be designated **ATTORNEY EYES ONLY** for security reasons.

      3. Closed records, confidential documents, videos and photographs, if any, which the parties agree are to be produced or the court orders produced, copies of such will be provided to Plaintiff's counsel, if any, but not disseminated to plaintiff, though Plaintiff's counsel may discuss such documents with plaintiff.

      4. Parties may produce any personal, confidential, documents, or investigative materials relating to the allegations at issue in this lawsuit only to the extent that it does not interfere with the safety and security of the Missouri Department of Corrections institution and staff. This may include, but is not limited to, items contained in personnel files of the named Defendant(s), as well as other personal or confidential documents.

      \*\*\*

      6. Whenever any party produces a document or item containing information that the party reasonably considers personal or confidential or closed, and that the party wishes to be subject to this Order, the party shall mark or designate each page of the document or item that contains such information as "CONFIDENTIAL."

      7. In designating information as "CONFIDENTIAL" ("Confidential Information"), a party shall make such a designation only as to materials which the designating party reasonably believes comprise or reflect information described in paragraph 3 and 4 above.

(Doc. 29-1[3].) Paragraph 3 appears to pertain to Attorney Eyes Only documents, as it references "closed records, confidential documents, videos and photographs" which may not be disseminated to plaintiff. However, Paragraph 7 states information designated Confidential should be comprised of materials identified in Paragraph 3. If Defendant believes that a second tier of confidentiality is warranted even though Plaintiff is no longer incarcerated, he must not only establish the need for the designation, but sufficiently identify materials that warrant more protection and distinguish

---

[2] It is unclear how the self-represented Plaintiff can "agree" to a confidentiality designation on materials that he cannot review.

[3] The Proposed Protective Order states "some information or materials may be closed under [RSMo] § 275.017…" The Court assumes the materials may be closed pursuant to RSMo § 217.075, not § 275.017.

those materials from information protected by the Confidential designation. Defendant has not demonstrated which confidential materials would not be sufficiently protected by the Confidential designation. For these reasons, even if Plaintiff was incarcerated, the Court would be unable to determine whether the proposed protective order is appropriate in scope or content, or whether it is unnecessarily broad. In any renewed motion for a protective order, the moving party should be mindful of his burden to show the need for the designations he deems necessary for protection of confidential materials.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Blake Hoskins shall promptly correct any service errors as described above. Defendant shall file a certificate of service addressing these issues within **fourteen (14) days** of the date of this Order.

**IT IS FURTHER ORDERED** Defendant Blake Hoskins's Motion to Modify the Case Management Order is **DENIED without prejudice**. (Doc. 31.)

**IT IS FURTHER ORDERED** Defendant Blake Hoskins's Motion for Protective Order is **DENIED without prejudice**. (Doc. 29.)

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of March, 2021.