UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JEFFREY J. O'NEAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-00095-NAB |
| | ) |
| BLAKE HOSKINS, | ) |
| | ) |
| Defendant, | ) |

**MEMORANDUM AND ORDER**

This matter came before the Court for a telephone status conference on June 10, 2021. The parties consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Plaintiff failed to appear for the conference. At the conference, Defendant made an oral motion for dismissal of the case for failure to prosecute. For the reasons stated on the record and discussed below, the oral motion was granted and this action will be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

**Background**

Plaintiff Jeffrey J. O'Neal is a self-represented litigant. At the time he initiated his case on June 13, 2019, Plaintiff was incarcerated at the Southeast Correctional Center ("SECC"). Plaintiff has submitted a change of address to the Court three times since his release from SECC. These changes were filed on or about August 27, 2019, November 21, 2019, and April 16, 2020. (Docs. 8, 13, 22.) The most recent address the Court has is the address in Higbee, Missouri, provided by Plaintiff on April 16, 2020. On June 10, 2020, the Court received a letter from Plaintiff requesting an update regarding the case. The letter had the Higbee address as Plaintiff's return address. (Doc.

23.) Plaintiff's June 10, 2020 letter asking for an update was the last time he communicated with this Court or Defendant regarding this case.

On June 30, 2020, the Court entered a Case Management Order. (Doc. 26.) There was no further activity in this case until December 17, 2020, when Defendant filed a motion for protective order in anticipation of producing documents. (Doc. 29.) On February 1, 2021, Defendant filed a motion to amend the case management order. (Doc. 31.) On March 5, 2021, the Court entered an order denying both motions without prejudice based on Defendant's service errors in inadvertently sending the motions to the wrong address such that Plaintiff most likely never received them. (Doc. 32.) On March 12, 2021, Defendant filed a Certificate of Service reflecting that his discovery requests to Plaintiff, a proposed joint motion to extend deadlines in the case management order, and proposed protective order were served by mail to the address on record for Plaintiff Jeffrey J. O'Neal. (Doc. 33.) On April 22, 2021, the undersigned set a June 10, 2021 status conference and ordered Plaintiff and Defendant to appear by phone. (Doc. 34.)

On May 18, 2021, Defendant filed a second motion to compel, recounting his unsuccessful attempts to contact Plaintiff regarding this litigation. (Doc. 35.) In the motion to compel, Defendant stated that Plaintiff's discovery responses were due on April 12, 2021. Defense counsel also entered his appearance on a different case pending in the United States District Court for the Western District of Missouri in which Jeffrey J. O'Neal is the plaintiff. *See Jeffrey J. O'Neal v. Ehlert, et al.,* Case No. 2:20-cv-4191-NKL. Plaintiff O'Neal's address of record in the Western District case was in Moberly, Missouri and a different address than the Higbee, Missouri address of record in the case before this Court. On April 1, 2021, defense counsel sent a letter to Plaintiff's Moberly, Missouri address to inquire whether this was Plaintiff's new address. (Doc. 35-1.) Defense counsel also enclosed Defendant's discovery requests directed to Plaintiff.

Despite sending discovery requests to Plaintiff at both addresses, Defendant has not received any response from Plaintiff. On May 3, 2021, Defendant sent an attempt to resolve letter to Plaintiff at the Moberly address. (Doc. 35-2.) Defendant received no response. In Defendant's motion to compel, he sought an order from the Court directing Plaintiff to respond to the discovery requests within 20 days or that this matter will be dismissed with no further notice to Plaintiff O'Neal.

On May 21, 2021, the undersigned issued an order directing Plaintiff to respond to Defendant's motion to compel no later than June 7, 2021. (Doc. 36.) In the order, the undersigned also reminded Plaintiff of his obligation to notify the Court regarding any change of address, and of his obligation to appear by phone for the status conference. The Order warned Plaintiff that "[f]ailure to comply with the Order may result in dismissal without prejudice." The Order also warned that failure to comply with Local Rule 2.06(B) by notifying the Court of change in address or telephone number may result in dismissal. (Doc. 36.)

## Discussion

The Federal Rules of Civil Procedure permit dismissal with prejudice "[i]f plaintiff fails to prosecute or comply with these rules or a court order." Fed. R. Civ. P. 41(b). Despite the breadth of this language, the Eighth Circuit has "recognized that dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000); *see also Roldan-Tennant v. QCR Holdings, Inc.*, 552 Fed.Appx. 614, 614 (8th Cir. 2014) (unpublished per curiam) (affirming Rule 41(b) dismissal after plaintiff failed to attend court-ordered deposition without notice or excuse after court had warned plaintiff that failure to attend deposition could result in dismissal); *Smith v. Gold Dust Casino*, 526 F.3d

402, 404-05 (8th Cir. 2008) (Rule 41(b) dismissal is reviewed for abuse of discretion; dismissal with prejudice is appropriate only in cases of willful disobedience of court order or persistent failure to prosecute complaint).

The Court notes that in general, the fact that a party is representing himself pro se does not excuse the party from complying with a court's orders, the Federal Rules of Civil Procedure, and other applicable rules of procedure. *Ackra Direct Mktg. Corp. v. Fingerhut Corp.,* 86 F.3d 852, 856 (8th Cir. 1996); *see also Faretta v. California,* 422 U.S. 806, 934-35 n. 46 (1975) (pro se litigant must comply with relevant rules of procedure).

Plaintiff has failed to comply with discovery rules and the orders of this Court. Plaintiff's last participation in this litigation was one year ago when he sent the Court a letter asking for a status update. Shortly thereafter, the Court entered a Case Management Order. Plaintiff has failed to comply with said order. Despite Defendant's attempts to engage Plaintiff in the discovery process, all of the discovery and dispositive motion deadlines from the Case Management Order have passed. That order specifies that failure to make discovery disclosures may result in sanctions, including dismissal or entry of a default judgment. (Doc. 26.)

Plaintiff has also violated the Court's April 22, 2021 and May 21, 2021 orders in that Plaintiff failed to respond to Defendant's motion to compel and failed to appear for the June 10, 2021 telephone conference despite warning that failure to comply may result in dismissal.[1] (Docs. 34, 36.) Defendant has not complied with the Court's orders, nor sought additional time to do so. His failure to engage in the discovery process has delayed the progress of the litigation and

---

[1] There is a possibility that Plaintiff has also violated Local Rule 2.06(B) by failing to update his address of record with the Court. It appears from his representations in the more recent case pending in the Western District that he may have moved from the Higbee, Missouri address to the Moberly, Missouri address. However, without additional proof of address, this potential violation is not a basis for dismissal.

hindered Defendant's ability to prepare a defense. Thus, the Court finds that Defendant's oral motion to dismiss for failure to prosecute should be granted.

Because Plaintiff has not offered any explanation for his failure to comply with the Court's orders, there is an absence of clear evidence of Plaintiff's willful disobedience. In the absence of clear evidence and because of the extreme nature of the sanction of dismissal with prejudice, the Court finds that dismissal without prejudice is appropriate in this case. *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *McConkey v. Yount*, 2006 WL 2035003, at *1 (E.D. Mo. July 17, 2006) (dismissal where plaintiff ignored discovery requests, failed to update address, and failed to comply with Court orders).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED without prejudice** for failure to prosecute or otherwise comply with Orders of this Court. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel is **DENIED as moot.** (Doc. 35.)

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve this Order on Plaintiff at his address of record (102B – S. Randolph St., Higbee, MO 65257) and at 110 Thompson St., Apt B, Moberly, MO 65270.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 14th day of June, 2021

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE